Docusign Envelope ID: CFF1A519-22CE-4208-8773-BC20E823E648


**UNITED STATES DISTRICT COURT FOR THE**
**FEDERAL DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Clarissa Newby | : |
| 10 Chestnut St. | : |
| East Orange, NJ 07018 | : |
| Plaintiff | : |
| v. | : |
| | : |
| Robert Abreucerda aka Robert Abreu | : |
| 48 Harvest St., | : |
| Providence RI, 02908 | : |
| And | : |
| Lyft, Inc. | : |
| 185 Berry St. | : |
| San Francisco, CA 94107 | : |
| Defendant(s) | : |

# COMPLAINT

## PARTIES

1. Plaintiff, Clarissa Newby, ("Plaintiff"), is a resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Robert Abreucerda aka Robert Abreu, ("Abreucerda") is a resident of the State of Rhode Island, residing at the address listed in the caption of this Complaint.

3. Defendant, Lyft, Inc., ("Lyft") is a corporation incorporated in California, with its principl business address listed in the caption of this Complaint, with all of its members residing in and citizens of California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter of this Civil Action.

5. Defendant Robert Abreucerda aka Robert Abreu is a citizen, resident, and domiciled in the State of Rhode Island.

6. Defendant Lyft Inc. is a citizen of and domiciled in, the State of California; being incorporated in California and having its principal place of business in California.

7. Plaintiff is a citizen, resident, and domiciled in the State of New Jersey.

8. The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.00.

9. This court thus has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1), which states that "the district courts shall have original jurisdiction of all civil

action where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

10. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which the accident occurred.

**SUBJECT COLLISION**

11. On or about January 11, 2024, at or about 5:30PM, Plaintiff, Clarissa Newby, was the operator of a motor vehicle, which was traveling on Central Avenue and Hollywood Avenue in East Orange, NJ 07018.

12. At or about the same date and time, Defendant, Robert Abreucerda aka Robert Abreu, was the owner and operator of a vehicle (the "subject rideshare vehicle"), which was traveling at or around the aforementioned location of the Plaintiff's vehicle.

13. At or about the same date and time, Defendant's rideshare vehicle (the "subject rideshare vehicle") was involved in a collision with Plaintiff's vehicle.

14. At all times relevant hereto, Defendant, Robert Abreucerda aka Robert Abreu, was operating the subject rideshare vehicle as Defendant Lyft, Inc's agent, servant and/or employee, acting within the scope of its agency.

15. The aforesaid motor vehicle collision was the result of Defendant, negligently and/or carelessly, operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle.

16. The aforesaid motor vehicle collision was a direct result of the negligence and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

17. As a result of the collision, Plaintiff suffered severe and permanent injuries, including left shoulder, neck, ribs, left knee, and ankle, as are more fully set forth below.

**COUNT I**
**Clarissa Newby v. Robert Abreucerda aka Robert Abreu**
**Negligence**

18. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

19. The negligence and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

a. Failure to exercise ordinary care to avoid a crash;

b. Disregarding a stop sign and colliding with Plaintiff's vehicle;

c. Operating the subject rideshare vehicle without regard for the rights or safety of Plaintiff or the general motoring public, and in such a manner as to cause a collision;

d. Failing to keep a proper lookout for vehicular traffic ahead;

e. Failing to adequately, sufficiently, and properly clear traffic to ensure it was safe to continuing proceeding forward;

f. Failing to yield the right of way to vehicular traffic ahead, including Plaintiff;

g. Failing to maintain proper distance between vehicles;

h. Failing to have the subject rideshare vehicle under proper and adequate control;

i. Operating the subject rideshare vehicle at a rate of speed that was dangerous and excessive under the circumstances;

j. Failure to apply his/her brakes earlier to stop the subject rideshare vehicle to avoid the subject motor vehicle collision;

k. Being inattentive to his/her duties as the operator of the subject rideshare vehicle;

l. Failing to remain continually alert while operating the subject rideshare vehicle;

m. Failing to perceive the highly apparent danger to the monitoring public, specifically, including Plaintiff, which his/her actions and/or inactions posed;

n. Failing to be highly vigilant and maintain sufficient control of the subject rideshare vehicle and bring it to a stop on the shortest notice possible;

o. Operating the subject rideshare vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

p. Continuing to operate the subject rideshare vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a crash;

q. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

r. Failing to exercise and adhere to proper safe and defensive driving practices as set forth in his/her driver training and/or required by applicable state and/or federal regulations

s. Driving while fatigued and/or distracted; and/or

t. Failing to operate said rideshare vehicle in a compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles

20. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including left shoulder, neck, ribs, left knee, and ankle, all to Plaintiff's great loss and detriment.

21. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

22. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

23. As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

24. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

25. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Clarissa Newby, prays for judgment in plaintiffs' favor and against Defendant, Robert Abreucerda aka Robert Abreu, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT II**
**Clarissa Newby v. Lyft, Inc.**
**Negligent Hiring, Retention, Training, Supervision, and Entrustment**

24. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

25. The carelessness and/or negligence of Defendant Lyft, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

a. Hiring, retaining, and permitting Defendant Robert Abreucerda aka Robert Abreu to operate the subject rideshare vehicle without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

b. Hiring, retaining, and permitting Defendant Robert Abreucerda aka Robert Abreu to operate the subject rideshare vehicle without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a subject rideshare vehicle;

c. Failing to provide proper, adequate, ongoing and/or remedial training to Defendant Robert Abreucerda aka Robert Abreu consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings and avoiding in-vehicle distractions;

d. Failing to take proper and adequate measures to prevent Defendant Robert Abreucerda aka Robert Abreu from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

e. Retaining and permitting Defendant Robert Abreucerda aka Robert Abreu to operate the subject rideshare vehicle when Defendant Lyft, Inc. knew or, in the exercise of due care and diligence, should have known by and through his/her prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Lyft, Inc. that Defendant Robert Abreucerda aka Robert Abreu was incompetent and/or unfit to drive a subject rideshare vehicle, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

f. Failing to properly and adequately train, monitor and/or supervise Defendant Robert Abreucerda aka Robert Abreu to ensure he/she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the New Jersey Motor Vehicle Code, and/or applicable regulations;

g. Failing to properly and adequately train, monitor, and/or supervise Defendant Robert Abreucerda aka Robert Abreu to ensure he/she could manage collision-free encounters with the motoring public, specifically including Plaintiff; and

h. Failing to warn the motoring public, including Plaintiff, that Defendant Robert Abreucerda aka Robert Abreu knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to Defendant Robert Abreucerda aka Robert Abreu's negligent, and/or careless operation of the subject rideshare vehicle.

26. As a direct and proximate result of the negligent, and/or careless conduct of

Defendant, Lyft, Inc., described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries, left shoulder, neck, ribs, left knee, and ankle, all to Plaintiff's great loss and detriment.

27. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

28. As an additional result of the carelessness, and/or negligence of Defendant, Lyft, Inc., along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

29. As a direct result of the carelessness and/or negligence of Defendant, Lyft, Inc., Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

30. As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

31. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount

equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Clarissa Newby, prays for judgment in his/her favor and against Defendant, Lyft, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

**COUNT III**
**Clarissa Newby v. Lyft, Inc.**
**Respondeat Superior**

32. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

33. The negligence and/or carelessness on the part of Defendant Robert Abreucerda aka Robert Abreu, detailed in Count I, above, occurred while Defendant Robert Abreucerda aka Robert Abreu was acting at all relevant times within the course and scope of his/her agency and/or employment with Defendant, Lyft, Inc., and was the direct and proximate cause of the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

34. As such, Defendant Lyft, Inc. is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of Defendant Robert Abreucerda aka Robert Abreu in causing the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

SIMON & SIMON, P.C.

BY: Chris Green

Christopher Green, Esquire

**VERIFICATION**

I am the Plaintiff in this action, and I hereby state that the facts set forth in the foregoing complaint are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 P.a.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

DocuSigned by:
Clarissa Newby
45FD6B09CE684FE...