| | |
|---|---|
| CLARISSA NEWBY,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT ABREUCERDA, et al.,<br><br>Defendants. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br>**NEWARK VICINAGE**<br><br>Hon. Jamel K. Semper, U.S.D.J.<br>Hon. Michael A. Hammer, U.S.M.J.<br><br>Civil Action No. 25-15433 (JKS/MAH)<br><br>Motion Date: April 20, 2026<br><br>**(Electronically Filed)** |

# BRIEF IN SUPPORT OF LYFT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100
dsanchez@cmlawfirm.com
mmoran@cmlawfirm.com
Attorneys for Defendant,
Lyft, Inc.

Douglas V. Sanchez, Esq.
Of Counsel

Michael T. Moran, Esq.
On the Brief

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... i

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .......... 2

STANDARD OF REVIEW .......... 4

ARGUMENT .......... 5

PLAINTIFF'S NEGLIGENT HIRING, RETENTION, TRAINING, SUPERVISION, AND ENTRUSTMENT CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE PREDICATED ON LEGAL CONCLUSIONS LACKING FACTUAL SUPPORT .......... 5

CONCLUSION .......... 10

## TABLE OF AUTHORITIES

**Cases** **Page**

Ashcroft v. Iqbal,
556 U.S. 662 (2009) .......... 4, 5, 9

Beaman v. Bank of Am., N.A.,
No. 21-20561, 2023 U.S. Dist. LEXIS 129877 (D.N.J. July 27, 2023) .......... 8

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) .......... 6, 9

City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.,
908 F.3d 872 (3d Cir. 2018) .......... 4

Conserve v. City of Orange Twp.,
No. 21-872, 2022 U.S. Dist. LEXIS 91901 (D.N.J. May 23, 2022) .......... 8

Di Cosala v. Kay,
450 A.2d 508 (N.J. 1982) .......... 6

Erie Railroad Co. v. Tompkins,
304 U.S. 64 (1938)....6

Fogg v. Twp. of Montclair Dep't of Police,
No. 23-809, 2025 U.S. Dist. LEXIS 90608 (D.N.J. May 13, 2025)....9

G.A.-H. v. K.G.G.,
210 A.3d 907 (N.J. 2019)....7

Gilmore v. Reilly,
No. 09-5956, 2010 U.S. Dist. LEXIS 35058 (D.N.J. Apr. 9, 2010)....9

Henry v. Marcelin,
No. 24-1891, 2024 U.S. Dist. LEXIS 173705 (E.D. Pa. Sept. 25, 2024)....9

Hoag v. Brown,
935 A.2d 1218 (N.J. Super. Ct. App. Div. 2007)....6

Hoffman v. Silverio-Delrosar,
No. 20-13291, 2021 U.S. Dist. LEXIS 111672 (D.N.J. June 15, 2021)....8

In re Burlington Coat Factory Sec. Litig.,
114 F.3d 1410 (3d Cir. 1997)....6

Langley v. United Airlines,
No. 23-20602, 2024 U.S. Dist. LEXIS 114250 (D.N.J. June 28, 2024)....8

Malleus v. George,
641 F.3d 560 (3d Cir. 2009)....4, 5

McKinney v. Powell,
No. 22-1859, 2023 U.S. Dist. LEXIS 153078 (D.N.J. Aug. 30, 2023)....5, 6

Moran v. Hawthorne Police Dep't,
No. 24-9196, 2025 U.S. Dist. LEXIS 48794 (D.N.J. Mar. 18, 2025)....6

Paucek v. Shaulis,
No. 24-9807, 2025 U.S. Dist. LEXIS 258554 (D.N.J. Dec. 15, 2025)....2

Phillips v. Cnty. of Allegheny,
515 F.3d 224 (3d Cir. 2008)....2, 5

Schmigel v. Uchal,
800 F.3d 113 (3d Cir. 2015)....6

Skinner v. Switzer,
562 U.S. 521 (2011) ..... 6

Votor-Jones v. Kelly,
No. A-252-17, 2018 N.J. Super. Unpub. LEXIS 1982 (App. Div. Aug. 24, 2018) ..... 7

W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank,
712 F.3d 165 (3d Cir. 2013) ..... 5

Wolfington v. Reconstructive Orthopaedic Assocs. II PC,
935 F.3d 187 (3d Cir. 2019) ..... 4

**Rules** **Page**

Fed. R. Civ. P. 8(a)(2) ..... 6

Fed. R. Civ. P. 12(c) ..... 4

Fed. R. Civ. P. 12(b)(6) ..... 4

## PRELIMINARY STATEMENT

This automobile negligence action has its genesis in a January 11, 2024 two-vehicle accident in East Orange, New Jersey. Plaintiff, Clarissa Newby ("Plaintiff"), alleges to have sustained personal injuries as a result of her motor vehicle colliding with a motor vehicle driven by Defendant, Robert Abreucerda a/k/a Robert Abreu ("Abreu"), who was active on the Lyft ridesharing platform.

Plaintiff brings claims against Lyft for negligent hiring, retention, training, supervision, and entrustment.[1] Aside from referencing a singular January 11, 2024 motor vehicle accident between Plaintiff and Abreu, Plaintiff fails to set forth a specific factual basis for her direct negligence claims against Defendant, Lyft, Inc. ("Lyft"). Plaintiff's negligence claims share a common requirement: Plaintiff must allege facts demonstrating that Abreu's prior bad acts would have put Lyft on notice of Abreu's propensity to injure others. Plaintiff does not do so. Instead, she relies on general and conclusory allegations that Lyft negligently hired, retained, trained, supervised, and/or entrusted a vehicle to Abreu. A broad, sweeping allegation that Abreu was dangerous does not satisfy Plaintiff's burden at the pleading stage.

Because Plaintiff's negligent hiring, retention, training, supervision, and entrustment claims lack any factual basis, Lyft's Motion for Judgment on the Pleadings should be granted, and Count II of Plaintiff's Complaint should be dismissed, with prejudice.

---

[1] Plaintiff also brings a claim against Lyft for vicarious liability. Lyft disputes its alleged vicarious liability, but does not bring a challenge to the pleadings of that claim.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[2]

On or about January 11, 2024, Plaintiff was operating a motor vehicle on Central Avenue and Hollywood Avenue in East Orange, New Jersey. See ECF No. 1, p. 3, ¶ 11. At or around the same date, time, and place, Abreu was operating a motor vehicle while active on the Lyft ridesharing platform when his vehicle collided with Plaintiff's motor vehicle. See ECF No. 1, p. 3, ¶¶ 12–13.[3] Because of the subject accident, Plaintiff claims to have "suffered severe and permanent injuries, including left shoulder, neck, ribs, left knee, and ankle." See ECF No. 1, p. 3, ¶ 17.

On September 10, 2025, Plaintiff filed a three-count Complaint in this Court, asserting the following causes of action: (1) common law negligence as to Abreu (Count I); (2) negligent hiring, retention, training, supervision, and entrustment as to Lyft (Count II); and (3) vicarious liability as to Lyft based on Abreu's alleged negligence (Count III). See ECF No. 1, pp. 4–9.

As to Count II of the Complaint, Plaintiff alleges that Lyft is liable for negligently:

a. Hiring, retaining, and permitting Defendant Robert Abreucerda aka Robert Abreu to operate the subject rideshare vehicle without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

b. Hiring, retaining, and permitting Defendant Robert Abreucerda aka Robert Abreu to operate the subject rideshare vehicle without first conducting a proper and

---

[2] On a motion for judgment on the pleadings, Lyft is required to state the facts as alleged in the Complaint, and the Court must accept the factual allegations of the Complaint, but not any conclusory statements unsupported by facts, in the light most favorable to Plaintiff. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). In setting forth the facts below for purposes of this Motion, Lyft does not concede the truth of those allegations, many of which Lyft will take issue with, if Count II of the Complaint is not dismissed.

[3] Plaintiff alleges that, at the time of the subject motor vehicle accident, Abreu "was operating the subject rideshare vehicle as Defendant Lyft, Inc[.]'s agent, servant and/or employee acting within the scope of its agency." See ECF No. 1, p. 3, ¶¶ 12–14. Lyft disputes Plaintiff's allegations, but resolution of that issue is irrelevant to Lyft's Motion for Judgment on the Pleadings. Regardless of how Abreu's relationship with Lyft is characterized, Plaintiff's New Jersey common law negligent hiring, retention, training, supervision, and/or entrustment claims are subject to dismissal because they are based on unsupported legal conclusions, not accepted as true at the pleadings stage. See Paucek v. Shaulis, No. 24-9807, 2025 U.S. Dist. LEXIS 258554, at *8 (D.N.J. Dec. 15, 2025) ("When deciding a motion for judgment on the pleadings, a court must accept the nonmoving party's factual allegations as true and draw all reasonable inferences in its favor.").

adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a subject rideshare vehicle;

c. Failing to provide proper, adequate, ongoing and/or remedial training to Defendant Robert Abreucerda aka Robert Abreu consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings and avoiding in-vehicle distractions;

d. Failing to take proper and adequate measures to prevent Defendant Robert Abreucerda aka Robert Abreu from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

e. Retaining and permitting Defendant Robert Abreucerda aka Robert Abreu to operate the subject rideshare vehicle when Defendant Lyft, Inc. knew or, in the exercise of due care and diligence, should have known by and through his/her prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Lyft, Inc. that Defendant Robert Abreucerda aka Robert Abreu was incompetent and/or unfit to drive a subject rideshare vehicle, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

f. Failing to properly and adequately train, monitor and/or supervise Defendant Robert Abreucerda aka Robert Abreu to ensure he/she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the New Jersey Motor Vehicle Code, and/or applicable regulations;

g. Failing to properly and adequately train, monitor, and/or supervise Defendant Robert Abreucerda aka Robert Abreu to ensure he/she could manage collision-free encounters with the motoring public, specifically including Plaintiff; and

h. Failing to warn the motoring public, including Plaintiff, that Defendant Robert Abreucerda aka Robert Abreu knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to Defendant Robert Abreucerda aka Robert Abreu's negligent, and/or careless operation of the subject rideshare vehicle.

See ECF No. 1, pp. 6–9.

On January 7, 2026, Lyft filed an Answer to the Complaint. See ECF No. 12.

On February 10, 2026, Lyft attempted to meet and confer with Plaintiff. See February 10, 2026 Meet and Confer Letter, attached as **Exhibit A** to the Declaration of Michael T. Moran, Esq. Critical to this Motion, Lyft, after explaining that Count II of Plaintiff's Complaint did not satisfy

the pleading standard set forth by the Federal Rules of Civil Procedure, requested that Plaintiff voluntarily dismiss her negligent hiring, retention, training, supervision, and entrustment claims. See id. To date, Plaintiff has not responded to Lyft's request.

Lyft now moves to dismiss Count II of the Complaint, with prejudice, for failure to state a claim upon which relief can be granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) 'is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'" Wolfington v. Reconstructive Orthopaedic Assocs. II PC, 935 F.3d 187, 195 (3d Cir. 2019) (quoting Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010)).

Pursuant to Rule 12(b)(6), a complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Id. A district court must disregard all "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878–79 (3d Cir. 2018).

Under Iqbal, a district court must undertake a three-prong analysis to determine whether a complaint is sufficiently plead. See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2009). ***First***, the court should "tak[e] note of the elements a plaintiff must plead to state a claim." Id. ***Second***, the court should identify allegations that, "because they are no more than conclusions, are not

entitled to the assumption of truth." Id. ***Third***, when a plaintiff's complaint contains "well-pleaded factual allegations," the allegations should be presumed veracious, and the court should ascertain whether they "plausibly give rise to an entitlement for relief." Id.

To survive a motion to dismiss (or for judgment on the pleadings), "the complaining party must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Iqbal, 556 U.S. 678–79 (2009)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The Supreme Court in Twombly made clear that the relevant standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of a plaintiff's challenged claim. Phillips, 515 F.3d at 234 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

## ARGUMENT

### PLAINTIFF'S NEGLIGENT HIRING, RETENTION, TRAINING, SUPERVISION, AND ENTRUSTMENT[4] CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE PREDICATED ON LEGAL CONCLUSIONS LACKING FACTUAL SUPPORT.

The sole issue before the Court is whether Plaintiff's well-pleaded, factual allegations plausibly entitle her to proceed on her claim for negligent hiring, retention, training, supervision, and entrustment. New Jersey state law governs Plaintiff's burden at the pleadings stage. See, e.g., McKinney v. Powell, No. 22-1859, 2023 U.S. Dist. LEXIS 153078, at *16–17 (D.N.J. Aug. 30,

[4] Lyft did not own or control any motor vehicles involved in the subject accident.

2023); Moran v. Hawthorne Police Dep't, No. 24-9196, 2025 U.S. Dist. LEXIS 48794, at *11–13 (D.N.J. Mar. 18, 2025).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not underpin her claims under a precise legal theory or present an exposition of her legal argument, Skinner v. Switzer, 562 U.S. 521, 530 (2011), but a complaint's ***factual allegations*** must be sufficient to raise a right to relief above a speculative level, so that the claim is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This principle is grounded in the premise that a district court may not accept a plaintiff's legal conclusions packaged as factual allegations. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).

Under New Jersey law,[5] unlike vicarious liability, negligent hiring, retention, training, supervision, and entrustment are not derivative of ordinary negligence; rather, they are separate, direct causes of action against an employer. See Hoag v. Brown, 935 A.2d 1218, 1230 (N.J. Super. Ct. App. Div. 2007) ("[A] claim based on negligent hiring or negligent supervision is separate from a claim based on respondeat superior."). The tort of negligent hiring/retention requires a showing that (1) the employer "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons"; and (2) "through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury." Di Cosala v. Kay, 450 A.2d 508, 516 (N.J. 1982). Similarly, to be

[5] Complete diversity of the parties exists, thereby allowing this Court to exercise diversity jurisdiction. See ECF No. 1, p. 2, ¶¶ 1–3. When a district court sits in diversity, it must apply the forum state's substantive law and federal procedural law. See Schmigel v. Uchal, 800 F.3d 113, 119 (3d Cir. 2015) ("Pursuant to the Erie [Railroad Co. v. Tompkins, 304 U.S. 64 (1938)], doctrine, '[a] federal court sitting in diversity must apply state substantive law and federal procedural law.'" (quoting Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000))).

liable for negligent training/supervision, a plaintiff must prove that "an employer knew or had reason to know that the failure to supervise or train an employee in a certain way would create a risk of harm and [] that risk of harm materializes and causes the plaintiff's damages." G.A.-H. v. K.G.G., 210 A.3d 907, 916 (N.J. 2019). Further, an employer is liable for negligent entrustment when the employer permits

> a third person to use a thing or to engage in an activity which is under the control of the actor, ***if the actor knows or should know*** that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Votor-Jones v. Kelly, No. A-252-17, 2018 N.J. Super. Unpub. LEXIS 1982, at *9 (App. Div. Aug. 24, 2018) (emphasis added) (quoting Restatement (Second) of Torts § 308).

Here, Plaintiff avers only generally and in a conclusory fashion that Lyft negligently hired, retained, trained, supervised, and/or entrusted Abreu. More specifically, she alleges that Lyft (1) failed to "properly and adequately qualify[] him/her consistent with industry custom and applicable regulations"; (2) failed to "conduct[] a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a subject rideshare vehicle"; (3) "[f]ail[ed] to provide proper, adequate, ongoing and/or remedial training . . . consistent with industry custom and applicable regulations"; (4) "[f]ail[ed] to take proper and adequate measures to prevent [Abreu] . . . from endangering the motoring public"; (5) "[r]etain[ed] and permitt[ed] . . . [Abreu] to operate the subject rideshare vehicle when Defendant Lyft, Inc. knew or . . . should have known . . . that [Abreu] . . . was incompetent and/or unfit to drive a subject rideshare vehicle"; and (6) "[f]ail[ed] to properly and adequately train, monitor and/or supervise [Abreu]." See ECF No. 1, pp. 6–9.

When these allegations are reviewed either individually or collectively, Plaintiff fails to aver any ***factual basis*** from which it could be inferred that: Abreu had any particular unfitness,

incompetence, or dangerous attribute; that Lyft knew or should have known of such an attribute; or that such attribute caused the alleged harm. See Langley v. United Airlines, No. 23-20602, 2024 U.S. Dist. LEXIS 114250, at *29 (D.N.J. June 28, 2024) (granting a Motion to Dismiss where "Plaintiff does not allege any facts to support an inference that Rivera, or any other employee of Defendants, was particularly unfit, incompetent, or dangerous before the altercation between Rivera and Plaintiff took place. Nor does he allege that Defendants knew or had reason to know of any unfitness of Rivera or any other employee of Defendants at the time of retention or at any other time before the altercation took place"); Hoffman v. Silverio-Delrosar, No. 20-13291, 2021 U.S. Dist. LEXIS 111672, at *10 (D.N.J. June 15, 2021) ("Here, the [c]omplaint states that Uber and Rasier failed to implement or administer effective policies, screening, training, and supervision. . . . But [p]laintiff provides no specific allegations to support this claim. In fact, [p]laintiff does not even allege that prior to the current incident, Silverio-Delrosar was unqualified or unfit to be an Uber driver. Without sufficient factual support, [p]laintiff fails to plausibly plead a negligent training, supervision, or hiring claim."); see also Conserve v. City of Orange Twp., No. 21-872, 2022 U.S. Dist. LEXIS 91901, at *15–16 (D.N.J. May 23, 2022) (dismissing negligent supervision and training claim where plaintiffs failed to "specify how and in what way" defendant knew or had reason to know of employee's alleged unfitness or that defendant "could reasonably have foreseen that such qualities created a risk of harm to other persons"); Beaman v. Bank of Am., N.A., No. 21-20561, 2023 U.S. Dist. LEXIS 129877, at *59–60 (D.N.J. July 27, 2023) (dismissing negligent hiring, supervision, and retention claim where plaintiffs only generally alleged that defendant failed to conduct background checks or take other security measures when hiring its employees, because such allegations did not indicate that defendant knew or should have known the employees hired and retained were "violent or aggressive" or "might engage in

injurious conduct" and were insufficient to establish reasonably foreseeability that the employee would injure a customer in the performance of their duties due to negligent supervision); Henry v. Marcelin, No. 24-1891, 2024 U.S. Dist. LEXIS 173705, at *9 (E.D. Pa. Sept. 25, 2024) ("Rather, Henry must allege specific examples of violent or dangerous behavior to survive Lyft's Motion [for Judgment on the Pleadings]."). Stated differently, Plaintiff fails to proffer ***any facts*** demonstrating that Lyft knew or should have known that Abreu was unfit to operate a motor vehicle, that Lyft knew or should have known of such unfitness, or that a failure to supervise or train Abreu in a certain way would lead to Plaintiff's alleged damages. See Fogg v. Twp. of Montclair Dep't of Police, No. 23-809, 2025 U.S. Dist. LEXIS 90608, at *12 (D.N.J. May 13, 2025) (granting defendants' motion to dismiss where plaintiff "provided no factual basis to establish any of the elements of a negligent hiring claim").

As the Supreme Court has cautioned, a pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Iqbal, 556 U.S. at 678. Count II of Plaintiff's Complaint is tantamount to such "labels and conclusions" and "formulaic recitation of the elements of a cause of action" that are unsupported by a factual basis. See Gilmore v. Reilly, No. 09-5956, 2010 U.S. Dist. LEXIS 35058, at *18–19 (D.N.J. Apr. 9, 2010) ("Plaintiffs' claim . . . that discovery might reveal evidence . . . is insufficient to 'raise a right to relief above the speculative level.' . . . In such situations, the Court is prohibited from 'unlock[ing] the doors of discovery for a plaintiff armed with nothing more than conclusions,' and must dismiss." (quoting Twombly, 550 U.S. at 545 and Iqbal, 556 U.S. at 678–79)). Dismissal is the appropriate remedy. See Twombly, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

Therefore, Count II of the Complaint should be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

## CONCLUSION

Plaintiff made a boilerplate claim for negligent hiring, training, retention, supervision, and entrustment, with no factual support. Therefore, Lyft respectfully requests that the Court grant its Motion for Judgment on the Pleadings and dismiss Count II of Plaintiff's Complaint, with prejudice.

Respectfully submitted,

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

By: /s/ *Michael T. Moran*
Michael T. Moran, Esq.

Dated: March 26, 2026